**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **MCKENNEDY ARMSTEAD** | **CIVIL ACTION NO. 04-1666-P** |
| **VERSUS** | **JUDGE HICKS** |
| **RAY HANSON, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**[1]

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff McKennedy Armstead ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on August 9, 2004. Plaintiff is incarcerated in the David Wade Correctional Center in Homer, Louisiana. He alleges his civil rights were violated by prison officials. He names Ray Hanson, Venetia Michaels, Angie Huff and Lonso Banks as defendants.

Plaintiff claims that while asleep on or about February 5, 2004, he was bitten on his neck by a spider. He claims a nurse confirmed that he had been bitten by a spider. He claims that as a result of the spider bite, he suffered throbbing and sharp pains, swelling, loss of sleep, nightmares and a permanent scar.

---

[1] This decision is not intended for commercial print or electronic publication.

Plaintiff claims spiders live in the vents because they are dirty. He claims prison officials are aware of these conditions but fail to act.

Accordingly, Plaintiff seeks monetary compensation and injunctive relief.

## LAW AND ANALYSIS

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)). Furthermore, this Court should consider the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's

confinement.  Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999).  Second, the prison official

must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328;

Farmer, 511 U.S. at 838, 114 S. Ct. at 1979.  In prison condition of confinement cases, that

state of mind is deliberate indifference, which the Supreme Court recently defined as

knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct.

at 1979.

Finally, a prisoner must also allege an injury that is more than de minimis, although

it need not be significant. See Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999). See

also Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most

favorable to him, the Court finds that the facts alleged do not support a finding that

Defendants' conduct was sufficiently harmful enough to deprive him of life's basic

necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.  Plaintiff complains that

spiders are present in the dorm because the vents are dirty and that he was bitten by a spider.

After considering the totality of the specific circumstances that constitute the conditions of

Plaintiff's confinement, this Court finds that the facts alleged do not support a finding that

Defendants' conduct was sufficiently harmful enough to deprive him of life's basic

necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.  Plaintiff admits that the vents

are cleaned with an air compressor and hose because there was a problem with spiders in the

dorms.  He complains that spider webs and dirt are still present in the vents even after they

are cleaned. The Court further finds that the presence of spiders and spider webs in a building are a common occurrence. Thus, the Court does not consider the deprivation alleged to be sufficiently serious. Plaintiff's claim has failed to satisfy the first requirement of an Eighth Amendment claim.

Secondly, the Court finds that the facts alleged do not support a finding that Defendants' acted with a sufficiently culpable state of mind. Plaintiff admits that once Defendants became aware of a spider problem in the dorm, the vents were cleaned. Thus, the Court does not consider Defendants to have acted with deliberate indifference.

Accordingly, the conditions alleged do not rise to the level of cruel and unusual punishment. Plaintiff's complaint lack an arguable basis in law and should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993);

Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, the Court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this <u>22nd</u>

day of January 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE